**William Francis LeRoy WILLIAMSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15436.

United States Court of Appeals
Fifth Circuit.

April 20, 1955.

William Francis LeRoy Williamson, in pro. per.

Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

Charged in a six count information, upon defendant's waiver of indictment, with causing to be transported in interstate commerce forged securities in violation of Section 2314, Title 18 U.S.C.,[1] and convicted on his plea of guilty on all of them, defendant was, on September 17, 1953, sentenced to serve ten years and to pay a fine of $10,000.

On October 25, 1954, he filed in the sentencing court a motion under Section 2255, Title 28 U.S.C. to "correct an illegal sentence", the grounds of which were that the sentence was excessive and the court was without jurisdiction to impose it because, as claimed by petitioner, the amount or value of the checks charged to have been transported was less than $5000.

The district judge, of the opinion that the files and records of the case showed conclusively that the petitioner was entitled to no relief, denied the motion and petitioner appealed, urging here on brief, as he did below, that the sentence was excessive and beyond the jurisdiction of the court.

The United States did not join issue with the defendant on the merits of his motion. Instead it caused to be filed a supplemental record showing that appellant had filed two other motions to correct judgment and, on the basis of that showing and invoking the provision of Section 2255, supra, "the sentencing court shall not be required to entertain a second or successive motion for similar relief", urges upon us that the order appealed from be affirmed.

On his part, appellant in a reply brief, insisting that appellee's position is trivial, correctly points out that there is nothing in its argument that the court was not required to entertain appellant's motion because the fact and law of the case is that the judge did entertain it and did enter an order denying it, and the appeal has brought it here for review.

Unfortunately, however, for appellant, this will not avail him, for it is perfectly clear on the record and under the statute that he was not charged under the first section of the statute, making it an offense to transport in interstate commerce stolen goods, etc. of the value of $5000, but under the second section dealing with forged securities, as to which no value was fixed, and that the sentence imposed was well within the limits fixed by the statute, and the jurisdiction of the court.

The order is, therefore, affirmed.

---

1. "Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5000 or more, knowing the same to have been stolen, converted or taken by fraud; or

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; or

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security, or any part thereof—

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

"This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of an obligation or other security of the United States, or of an obligation, bond, certificate, security, treasury note, bill. promise to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country."